CAPITAL FIRE INSURANCE COMPANY *v.* MONTGOMERY.

. Opinion delivered January 28, 1907.

1. INSURANCE—WAIVER OF BREACH OF WARRANTY—PAROL EVIDENCE.— Where a fire insurance company relies upon a breach of the warranty therein against incumbrances, the insured may by parol evidence show that when he applied for the policy he informed the insurance company's agent that the property was mortgaged. (Page 510.)

2. SAME—WHEN WARRANTY WAIVED.—A warranty in a fire insurance policy that the property insured is unincumbered is waived where the insurer's agent was notified when application was made for the policy that the property was incumbered. (Page 510.)

3. SAME—AUTHORITY OF AGENT.—The authority of one to receive and forward applications for fire insurance is sufficient to bind the insurance company with regard to any information imparted to him in the course of his employment. (Page 510.)

4. SAME—STIPULATION AGAINST WAIVER.—An insurance company can not, by stipulation in the application or in the policy, escape responsibility for the act of its agent in waiving the falsity of the answer to a question in the application. (Page 511.)

5. SAME—RELEASE OBTAINED BY DURESS.—Evidence that, after destruction of insured property, the adjuster and another agent of the insurance company went to the assured, who was an ignorant man, and told him that he was "in United States trouble" and had better settle, and that they kept him over night and induced him to surrender his policy and execute a release of liabilities thereunder, was sufficient to sustain a finding that the surrender and release were obtained by duress. (Page 511.)

6. SAME—AMOUNT PAID FOR RELEASE AS CREDIT.—Where an insurance company paid a sum of money. to obtain a release of liability, and the jury finds that the release was obtained by duress, the insurance company is entitled to credit on the amount of its liability for the sum so paid. (Page 511.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*C. S. Collins,* for appellant.

1. The incumbrance on the property was specially pleaded in the answer. This was a breach of contract, to which appellee made no plea of waiver. Waiver must be both pleaded and proved, and the burden of proof is on the plaintiff. 3 Cooley, Briefs on Ins. 2768; *id.* 2773; 23 Ind. App. 121; 53 N. E. 787; 77 Am. St. Rep. 414; 7 B. Mon. (Ky.) 470; 72 Ark. 52.

And where waiver by an agent is alleged, the burden of proving the agency is also on the plaintiff. 3 Cooley, Briefs on Ins. 2774; 26 So. 655; 66 Ia. 466; 122 N. Y. 578; 24 O. St. 67. Though it is primarily for the jury to determine whether there has been a waiver, it is a question for the court whether there has been sufficient evidence to take the case to the jury, or to support a finding of either party. 3 Cooley, Briefs, 277; 124 Cal. 164; 127 Ill. 599; 94 N. W. 274; 98 Am. St. Rep. 349.

2. The burden of proving the agency of Woods was on the plaintiff. No effort was made to prove the character and scope of his agency—nothing to show whether he was a mere soliciting agent with authority limited to taking applications to be submitted to the company, or a recording agent with authority to bind the company at the time by issuing a policy. The court therefore erred in overruling appellant's exceptions to this testimony of appellee: "I held a policy in the Capital Fire Insurance Company, which I got through the agent of the company, Zol. J. Woods, at Beebe. I told Woods that there was a mortgage on the place. I told him he ought to see it." 62 Ark. 47.

McCULLOCH, J. The plaintiff, J. N. Montgomery, instituted this action to recover of the defendant, the Capital Fire Insurance Company, the sum of $575 and interest thereon upon a fire insurance policy issued to him by the defendant on his dwelling house and furniture. The complaint contained the necessary averments as to ownership· of the property and its destruction by fire, the issuance of the policy and the furnishing of the proof of loss, and contained the further allegation that the defendant's agent had, by fraud, deceit and duress practiced upon him, obtained from him the policy after the fire and kept it.

The defendant in its answer pleaded breach of warranty by plaintiff against incumbrances on the property insured; and also pleaded a written release of liability alleged to have been executed by the plaintiff in consideration of the sum of twenty-five dollars paid to him as a compromise and the further sum of $11.15, unearned premium paid to him. The answer also contained a denial of the plaintiff's allegations of fraud and duress in obtaining possession of the policy.

A trial before a jury resulted in a verdict in favor of the plaintiff for $575, and the defendant appealed.

The defendant asked the court for a peremptory instruction in its favor, which was refused, and exceptions were saved. There were no other requests for instructions, and the instructions given by the court have not been preserved in the record. We must therefore indulge the presumption that the jury was properly instructed.

The only errors assigned in the motion for new trial are that the court permitted the plaintiff to testify concerning his oral statements to defendant's agent who prepared and forwarded the application for insurance about a mortgage on the property, and the refusal of the court to give the peremptory instruction asked.

The plaintiff was an illiterate man, and testified that when the application was written by the agent through whom he obtained the policy he informed said agent of the mortgage on the property. This testimony was admissible, and it was not disputed. It operated as a waiver of the warranty that the title to the property insured was unincumbered. *Insurance Co.* v. *Brodie,* 52 Ark. 15; *State Mutual Ins. Co.* v. *Latourette,* 71 Ark. 242; *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 295; *German-American Ins. Co.* v. *Harper,* 75 Ark. 98; *People's Fire Ins. Assoc.* v. *Goyne,* 79 Ark. 315; *Security Mutual Ins. Co.* v. *Woodson,* 79 Ark. 266.

Counsel argues that the evidence is insufficient to establish the agency of Woods, the person to whom the information was given. We cannot agree with him in this contention. Woods wrote the application, and appellee stated in his testimony that Woods was the agent of the company, and that he obtained the policy through him. Another witness, Hatch, who was present when the application was prepared, testified that Woods prepared it, and that he was the agent of the company. Neither of these witnesses were asked as to their means of knowledge concerning the agency of Woods, nor did appellant offer any evidence controverting these statements or showing the limits of Woods's authority as agent. We think there was sufficient to warrant the jury in finding that Woods was the agent of the company with authority to bind it. His authority to receive and forward the application was sufficient to bind the company to any information imparted to him in the course of the employ-

ment. *Franklin Life Ins. Co.* v. *Galligan,* 71 Ark. 395; *People's Fire Ins. Co.* v. *Goyne, supra; Mutual Reserve Fund Life Assn.* v. *Cotter, ante* p. 205.

Nor could the company, by stipulation in the application or policy, escape responsibility for the act of its agent in waiving the falsity of the answer to questions in the applicaton. *People's Fire Ins. Co.* v. *Goyne, supra.*

The testimony of the plaintiff shows that he is not only illiterate, but that he is a very ignorant man. He states that, after the destruction of the property by fire, the adjuster of the company and another agent came to his home in the country, and told him that he "was in United States trouble and had better settle;" that they induced him to go with them to the town of Beebe, led him to the hotel, one of them on each side of him holding him by the arm, and then kept him over night in a room with Woods, the agent, and that they induced him to surrender the policy. It is true that he does not testify as to any positive threat or act of violence offered; but, according to the undisputed evidence, the company was liable to him for the loss, and we cannot say that the jury was without warrant in finding that the surrender of the policy and the release of liability thereunder was not fairly obtained from him. As already stated, we must presume that the jury were properly instructed as to the law on this point, and there was sufficient evidence to support the finding.

Appellant was entitled to credit on the amount of liability under the policy for the sum paid to him. We assume that the court instructed the jury to that effect. The jury returned a verdict for the amount of the loss, without interest. The interest up to the date of the verdict was sufficient to cover the amount of the payments, and we assume that the jury allowed the credits in that way.

There is no error in the proceedings, and the judgment must be affirmed. It is so ordered.