QUEEN OF ARKANSAS INSURANCE COMPANY *v.* LASTER.

## Opinion delivered May 5, 1913.

1. INSURANCE—WARRANTY—KNOWLEDGE OF AGENT—QUESTION FOR JURY.— In an action against an insurance company to recover on a fire insurance policy for loss by fire of certain farm products, testimony *held* sufficient to warrant a submission to the jury of the question of the knowledge of the company's agent, that the property insured was encumbered.  (Page 266.)

2. INSURANCE—BREACH OF WARRANTY—WAIVER.—A breach of warranty of no incumbrance is waived where the insurer's agent was notified, when the application for the policy was made, that the property was encumbered.  (Page 266.)

3. INSURANCE—INTEREST OF AGENT—COLLUSION.—Where the agent of a fire insurance company is acquainted with the applicant, and has a friendly feeling toward him and his family, and pays the premium for the insured, but has no personal interest in the procure-

ment of the insurance, it will not be held that it is shown that fraud was practiced in procuring the insurance. (Page 267.)

4. Insurance—proof of loss—failure to furnish—forfeiture—defense.—Failure to furnish proof of loss in accordance with the terms of a contract of fire insurance, constitutes a forfeiture of the policy, and is a complete defense to an action on the same. (Page 267.)

5. Insurance—proof of loss—waiver.—Where, after a fire, the insured called at the office of the insurance company, notified it of the fire, and asked for blanks on which to make proof of loss, and was told that the company had no such blanks, but the adjuster visited the insured's place, and said he had "all the proof he wanted," the conduct of the adjuster will be held to be a waiver of the formal proof of loss specified in the policy. (Page 268.)

6. Insurance—proof of loss—denial of liability—waiver.—Denial of liability by the insurer, constitutes a waiver of the provisions of the policy requiring proof of loss to be made, and the insurer will be held to have denied liability when he wrote the insured, "* * * it is our opinion that we are not in any way liable * * *," and to have waived the formal proof of loss. (Page 269.)

7. Insurance—warranty.—Where there is no evidence that the insured knew that foreclosure proceedings were pending against the property insured, nor that there was any change of interest, title or possession in the property, before or at the time of loss, it is not error to refuse to submit to the jury the question whether the policy has become void on those grounds. (Page 269.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

The appellee sued appellant on a fire insurance policy to recover for a loss by fire of certain farm products and implements, the amount being stated in the policy at $1,100. The plaintiff alleged the loss by fire and compliance with the terms of the policy, and prayed judgment for the sum of $1,100, together with 12 per cent penalty and reasonable attorney's fee.

The defenses relied on by appellant in its brief are:

First. That the appellee violated his contract of warranty by making false statements as to encumbrances on the property, and as to the property being in litigation at the time of its loss, etc.

Second.  That he failed to comply with the provisions of the policy as to furnishing proof of loss.

There is a statement in the policy which reads: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein."

There is also a provision in the policy to the effect that if the interest of the insured "be other than unconditional and sole ownership, or if the subject of the insurance be personal property and be and become encumbered by a chattel mortgage; or if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed," etc., the policy shall be void, etc.

The policy also contained the following provision: "If fire occur, the insured shall, within sixty days after the fire, unless such time be extended in writing by this company, render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and all others, in the property, the cash value of each item and the amount of loss thereon, all encumbrances thereon; and changes in the title, use and possession."

The application was a part of the contract of insurance and the statements in the application are made warranties.  Appellant contends that appellee made false statements as to encumbrances on the property.  The substance of the testimony on this issue is stated in opinion.

The appellant complains of the refusal of the court to give its prayer No. 6, which is as follows:

"You are instructed that there is a provision in the policy of insurance that if with the knowledge of the insured foreclosure proceedings be commenced, or if any change take place in the interest, title or possession of the subject of the insurance, whether by legal process or

judgment, or by voluntary act of the insured or otherwise, the entire policy shall be void. You are therefore instructed that if you believe from the evidence that the property insured, or any portion of the same was in litigation at the time of its loss, or if any change had taken place in the possession of said property, or any change in the title or interest of the plaintiff, whether by legal process or otherwise, then your verdict will be for the defendant.''

The appellant also complains of the refusal of the court to give the following prayer for instruction:

''You are instructed that it is incumbent upon the plaintiff under the provisions of the policy to furnish the defendant within sixty days after the loss alleged to have been sustained, a complete inventory of the property alleged to have been destroyed, stating the quantity and cost of each article and the amount claimed thereon; that said statement should be signed and sworn to by the insured, stating the interest of the insured and of all others in the property, the cash value of each item thereof and the amount of loss thereon, and if you find from the evidence that the plaintiff failed to do this, then your verdict will be for the defendant, unless you find that the defendant waived same by denying liability or otherwise.''

It also excepted to the giving of that part of instruction No. 1, given at appellee's instance, in which the court told the jury ''that the denial of liability by the defendant was a waiver of proof of loss and rendered unnecessary any proof of loss.''

The court, at the request of appellant, gave instructions in effect telling the jury that if the assured stated that there was no encumbrance against the property, and if they found that there were outstanding ownership notes against the agricultural implements, and an outstanding landlord's lien against a portion of the other property insured, they should find for the defendant, unless defendant's agent was informed of the liens at the time of the application for insurance.

There was a verdict in favor of the appellee for the sum of $900, with 12 per cent penalty. The court allowed. an attorney's fee of $225. Judgment was entered in favor of the appellee, and the case is here on appeal.

*A. W. Files* and *W. R. Donham,* for appellant.

1. If the statement in an application for insurance are made express warranties, and the statements made are false, the warranties are broken and the policy of insurance is rendered void. 82 Ark. 400.

If the facts touching the landlord's lien against the property and the outstanding ownership notes against the farming implements were made known to appellant's agent, the evidence, on its face, shows fraudulent collusion between appellee and the agent, and the latter's knowledge as to the facts will not be imputed to appellant. 86 Ark. 538.

2. Instruction 6, requested by appellant, should have been given.

3. No proof of loss was ever furnished to appellant. This is a complete defense. 72 Ark. 484; 84 Ark. 224; 88 Ark. 120; 91 Ark. 43. Under the evidence, it was a question for the jury to say whether there was a denial of liability, and the court erred in its instruction 1, saying that appellant had denied liability. 83 Ark. 126.

*Mehaffy, Reid & Mehaffy,* for appellee.

1. The insurance was written upon a crop described as upon a place which the application plainly states was leased, and the name of the owner of the land, facts sufficient to advise a purchaser of the possible existence of a landlord's lien. 34 Ark. 691. An insurance company issuing a policy upon an application containing such disclosure, ought not to be permitted to claim a forfeiture even if it be shown that a landlord's lien for rent existed at the time the policy was issued. *Id.* See also 82 Ark. 90; 81 Ark. 92; 65 Ark. 581.

2. The course of conduct of the insurance company and its adjuster towards appellee amounts to a waiver of any proof of loss other than that taken by the ad-

juster, and to a denial of liability. 83 Ark. 111; 83 Ark. 126.

WOOD, J., (after stating the facts). 1. The testimony of the appellee tended to show that he informed the agent of the appellant at the time the latter took his application for insurance, that he did not own the land on which the products being insured were grown. He told the agent that the property was leased. He told the agent about the lien. He told him about the plow and about giving notes with security—told him that "he had given these ownership notes."

The testimony of the daughter of appellee tended to show that while she was not present all the time when her father was making the statements in the application, yet the agent of the company knew that the property was encumbered. When asked the question as to whether the parties who took the application knew that the property was encumbered, she answered affirmatively.

Testimony of the appellee himself further tended to show that he did not tell the agent who took the application that there was no encumbrance on the property. He said he did not "remember the question nor answer." Said he thought the question was asked and he told the agent, but did not know whether he "put it down or not."

The above testimony was amply sufficient to warrant the court in submitting to the jury the question as to whether or not, at the time of the application for insurance, the appellant's agent was informed of encumbrances on the property.

This court has often ruled that a warranty of no encumbrance is waived where the insurer's agent was notified when application was made for the policy, that the property was encumbered. (*Capital Fire Ins. Co.* v. *Montgomery,* 81 Ark. 508; *Capital Fire Ins. Co.* v. *Johnson,* 82 Ark. 90.)

In the application, when the appellee was asked in whose name the title to the land was, on which the crops insured were grown, he answered "J. P. Basham owned the land." He also told the agent that the land was

occupied by a tenant. This, in connection with the other testimony above, was sufficient at least to make it a jury question as to whether the appellant's agent had knowledge of the encumbrances existing on the farm products at the time of taking the application for insurance.

The instructions given at the instance of appellant, properly submitted the question as to whether or not a breach of warranty of unconditional ownership and no encumbrances on the property insured had been waived by knowledge of the agent of appellant, of the facts alleged to have constituted such breach of warranty, at the time contract of insurance was entered into.

Appellant contends here, for the first time, that there was a collusion between appellee and the agent of appellant, to procure the insurance, but there is no evidence in the record to warrant the conclusion that appellant's agent was interested in the property insured.

The most that could be said of the testimony is that it showed that the agent of the insurance company, who took the application, was acquainted with appellee, and his daughter, who worked in the same bank with appellant's agent, and that he had a friendly feeling for the appellee and his daughter. He was interested in procuring the insurance—so much so that he agreed to, and did pay the premium for appellee; but this does not even tend to show that the insurance was procured by fraud, so as to bring the case in the rule of *Home Insurance Co.* v *North Little Rock Ice & Electric Co.*, 86 Ark. 538, on which appellant relies.

In that case, the agent had a personal interest in the property insured, affecting the insurance, and to the prejudice of his principal, which might induce him to keep the matter concealed from his principal.

3. This court has often held that failure to furnish proof of loss in accordance with the terms of the contract of insurance constitutes a forfeiture of the policy, and is therefore a complete defense to any suit upon a contract of insurance. (See *Teutonian Ins. Co.* v. *Johnson,* 72 Ark. 484; *Ark. Mutual Fire Ins. Co.* v. *Clark,*

84 Ark. 224; *Commercial Fire Ins. Co.* v. *Waldron,* 88 Ark. 120; *American Ins. Co.* v. *Haynie,* 91 Ark. 43.)

But this defense can not avail appellant, for the reason that the undisputed evidence shows that appellant's adjuster waived the requirements of the policy as to the proof of loss. Just after the fire, appellee called upon the company at its office in Little Rock, notified it of the fire and asked for blank proofs of loss. The appellant's adjuster informed him that he carried no blank proofs of loss. The adjuster a short time afterwards went down to the farm where appellee was to adjust the loss. He questioned appellee in regard to the same and took down his statements. Appellee told the adjuster that he was ready to furnish any information he desired and the adjuster said that he had ''all the proof he wanted.''

This conduct on the part of the adjuster was a waiver of the formal proof of loss specified in the policy (See *Lord* v. *Des Moines Fire Ins. Co.,* 99 Ark. 476; *Queen of Ark. Ins. Co.* v. *Forlines,* 94 Ark. 227.)

When appellant's adjuster, in response to appellee's inquiry, said that he had ''all the proof he wanted,'' this was a waiver of any further proof of loss on the part of appellant, notwithstanding the nonwaiver agreement. It was equivalent to saying to the appellee that appellant was satisfied as to his loss and had all the information pertaining thereto that appellant desired.

In this view of the case, it was not a prejudicial error for the court to tell the jury that the denial of liability by the appellant was a waiver of proof of loss, conceding that it was a disputed question as to whether appellant denied liability. But we are of the opinion that the letters written by appellant to appellee, before the time for making proof of loss had expired, were in legal effect an absolute denial of liability. True, appellant's agent, who wrote them, says that he did not ''deny liability at all,'' but he does not deny that he wrote the letters and the letters speak for themselves.

The language in the letter of February 3 is as follows:

"Beg to say that basing our opinion on the information that has been furnished us to the present time, it is our opinion that we are not in any way liable to Mr. Laster for any amount on account of his alleged loss by fire on the policy of insurance which he holds."

The only reasonable construction of which this language is susceptible is that appellant did not consider itself liable under the policy, to appellee, for the loss he had sustained.

The court, therefore, did not err in telling the jury that "the denial of liability by the defendant was a waiver of proof of loss" (*Yates* v. *Thomason,* 83 Ark. 126; *Dodge* v. *Thomason,* 94 Ark. 21); nor did the court err in refusing to grant appellant's prayer for an instruction submitting to the jury the question as to whether or not appellee had forfeited his policy by failing to furnish proof of loss.

3. The appellant's prayer for instruction No. 6* was abstract. There was no evidence in the record to warrant such an instruction. The evidence did not show knowledge upon part of appellee of foreclosure proceedings pending at the time of, or before the loss by fire, and it did not show any change of interest, title or possession.

There is no reversible error in the record and the judgment is therefore affirmed.

---

*6. You are instructed that there is a provision in the policy of insurance that if with the knowledge of the insured foreclosure proceedings be commenced, or if any change take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment, or by voluntary act of the insured or otherwise, the entire policy shall be void. You are therefore instructed that if you believe from the evidence that the property insured, or any portion of the same was in litigation at the time of its loss, or if any change had taken place in the possession of said property, or any change in the title or interest of the plaintiff, wnether by legal process or otherwise, then your verdict will be for the defendant.