BARRENTINE *v*. THE HENRY WRAPE COMPANY.

Opinion delivered October 4, 1915.

1. TRIAL—DIRECTED VERDICT—RULE.—A verdict should be directed only when, taking that view of the evidence most favorable to the party against whom the verdict is directed, there is no evidence tending to establish an issue in his favor.

2. MASTER AND SERVANT—PERSONAL INJURY—DIRECTED VERDICT.—Plaintiff, an employee of defendant, was injured by a stone thrown by another employee, *held*, under the evidence which showed that defendant knew of the acts of the employees and did not take sufficient precautions to stop them, that it was error to direct a verdict for the defendant.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*J. N. Rachels, John E. Miller* and *W. H. Yarnell, Jr.,* for appellant.

The court erred in directing the verdict. 105 Ark. 485.

*Brundidge & Neelly,* for appellee.

The directed verdict was right. There is not a scintilla of evidence that the employee who threw the stone was, at the time, under the control of appellee, or that he was acting within the scope of his employment. 105 Ark. 487.

KIRBY, J. This appeal is from a directed verdict, and this is the second suit for damages for personal injury, alleged to have been caused by the negligence of appellee in failing to exercise ordinary care to protect appellant while upon its premises and in its plant as he was returning to his work. After going to dinner on the day of the injury, he was returning to resume work at his place, and when within a few feet of his place of employment, and shortly before the hour to begin, some of the

other employees, who had engaged in a sham battle with rocks upon the grounds, threw a stone which struck him in the eye and put it out.

On the first appeal, the complaint was held insufficient upon demurrer, and the law relating to the liability was declared. *Barrentine* v. *The Henry Wrape Co.,* 105 Ark. 485. It was there said:

"The master owes to his servants, while on his premises to perform service, and also to strangers who rightfully come upon the premises, the duty of exercising ordinary care to free the premises from known dangers, all dangers of which the master is informed. This, of course, included dangers arising from negligent or wilful acts of the servants. Though it is not essential to the master's liability that the negligent servant should be acting at the time within the scope of his authority, yet it is essential that the master should have control of him or the opportunity to control his actions before the liability attaches on account of his conduct. If the servant in committing the negligent act is not proceeding within the line of his duty, and is not at the time within the control of the master, then the latter is not liable."

The testimony tends to show that appellant was not engaged in the rock throwing which many of the other employees indulged in for diversion during the noon hour as he was returning to the machine where he worked, and immediately before the time to begin he was struck by a stone or missile, thrown by some of the others, inflicting the injury complained of, and also that it was known to the master that the employees indulged in such practice, and the superintendent and foreman had remonstrated with them and ordered the practice stopped when they had seen it engaged in.

It was further shown that the men were allowed to remain in the plant and on the grounds during the noon hour without any restrictions as to their conduct. And the superintendent and foreman testified that they had no control of the employees during the time that the plant

was not in operation, and, under these circumstances, there was a question for the jury to determine whether the master was negligent and failed to exercise ordinary care for the protection of appellant.

(1) In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed, and where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. *Williams* v. *St. Louis & S. F. R. Co.,* 103 Ark. 401, 147 S. W. 93; *Phoenix Cement Sidewalk Co.* v. *Russellville Water & Light Co.,* 101 Ark. 22, 140 S. W. 996; *Curtis* v. *St. Louis & S. F. R. Co.,* 96 Ark. 394, 131 S. W. 947.

(2) It can not be said that the testimony is undisputed, nor that different minds could not draw different conclusions from it relating to the question of the exercise of ordinary care by the master to protect the servant. It is true the superintendent and foreman both testified that they had no control of the employees on the grounds or premises during the noon hour, and that they were under no restrictions whatever; but it is also shown that the master knew of the habit indulged in by the employees of throwing stones upon the grounds. And while there is testimony tending to show that they stopped the employees from doing this when they were seen to be engaged in it, it still remains a question for the jury to determine whether such conduct was the exercise of ordinary care required by law of the master. As a matter of law, it can not be said that a master had no control of the servants upon his premises during the noon hour when the plant was not in operation, because he exercised none. And, although the testimony, showing appellee's conduct in discouraging the practice of throwing stones upon the premises, is amply sufficient to have supported a verdict in its favor, if one had been rendered, it is not

sufficient to be declared as a matter of law the exercise of ordinary care to free its premises of known dangers.

The court erred in directing the verdict. The judgment is reversed and the cause remanded for a new trial.