## THE ALLEMANIA FIRE INSURANCE COMPANY *v.* ZWENG, TRUSTEE.

### Opinion delivered January 8, 1917.

1. INSURANCE—CANCELLATION OF POLICIES—AUTHORITY OF GENERAL AGENCY TO ACT FOR BOTH PARTIES.—A general insurance agency, representing several companies with authority to act upon applications and to issue policies, as well as to cancel the same, may also act as the agent of the insured in waiving notice of cancellation, and in accepting a delivery of a new policy when substituted for the one cancelled.

2. INSURANCE—PRIVATE INSTRUCTIONS TO AGENT.—Where an insurance agent has authority to issue and deliver policies of insurance for the defendant company, the company can not limit that authority by private instructions; where an agent does anything within the real or apparent scope of his authority, it is as much the act of the principal as if done by the principal himself.

3. INSURANCE—IMPROPER INSTRUCTION—CURE BY REMITTITUR.—The error resulting in an improper award of damages in an action on a policy of fire insurance, will not call for a reversal, where the error can be cured by a remittitur.

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; modified and affirmed.

*J. I. Alley*, of Mena, Ark., and *Thompson, Knight, Baker & Harris, G. S. Wright* and *Will C. Thompson*, of Dallas, Tex., for appellee.

1. A verdict should have been instructed for the defendant, because prior to the fire there was no contract of insurance with the assured. An insurance agent representing several insurance companies cannot without the knowledge, consent and approval of the assured had and obtained before notice of loss, cancel a policy in one of his companies and substitute for it another and thereby create contractual relations between the assured and the substitute company. 156 S. W. 445.

2. The agreement to keep insured did not constitute the local agents the general agent of the insured to accept notice of cancellation for him. A person cannot act as agent for both parties to a contract. 40 Pac. 147; 34 N. E. 200; 17 So. 282; 110 N. W. 593; 180 S. W. 999; 30 S. E. 962; 35 *Id.* 305; 19 S. W. 274.

3. A policy written by a joint agent as a substitute for a policy in another company, but not delivered and of which the insured had no knowledge until after the fire, is not valid, even though the second policy be accepted and the agent's action ratified after the fire. 68 N. H. 65; 5 N. E. 818; 16 Ins. Law Journ. 309; 32 *Id.* 512; 125 Mass. 111; 70 Ill. App. 615; 100 N. Y. 411; 86 Ky. 230. An agent for an insurance company is without authority to cancel a policy he has written and substitute another company without the knowledge and consent of the assured. 89 Me. 73; 138 N. W. 504; 117 Fed. 442; 128 Mass. 111; 113 Ky. 624; 68 S. W. 653; 6 Atl. 43; 63 N. E. 610; 79 S. W. 720 and 100 other citations from different States. See also 116 S. W. (Ark.) 894; 73 *Id.* 307; 32 So. 836.

4. The verdict is contrary to the law and the evidence. It is also excessive at least in the sum of $150, if not more under the instructions of the court. No interest, damages or attorneys' fees could be recovered. The verdict is excessive on its face. 123 S. W. 334; 108 *Id.* 216. There was no insurance on the building at all.

5. The courts of this State are inclined to the opinion that delivery of a policy is necessary. 165 S. W. 958. There is error also in the instructions. See cases *supra.*

*Pole McPhetridge, Wright Prickett* and *Kimpel & Daily,* for appellee.

1. The precise question presented, and on an identical state of facts, was decided adversely to appellants' contentions in 76 Ark. 182. The stipulation as to notice was for the benefit of the assured and could be waived. 62 Ark. 382 and cases cited. 108 Ark. 130 is not in point. Assured's only policy was cancelled without notice. This was for the jury; the burden was on appellant and the verdict was against the company.

2. Insurance companies cannot give an agent policies in blank and authorize him to issue such policies and after he has written them rely on secret instructions

to the agent as to the class of insurance to write. 79 Ark. 325; 97 *Id.* 567.

3. There was evidence as to the value of the stock. The excess in the verdict for $150.00 on the building can be cured by a remittitur. The question of interest cannot be raised here for the first time. A remittitur is entered for the $150 and the penalty and attorneys' fees. This will cure all errors.

HART, J. Horace E. Chambers brought suit in the circuit court against the Allemania Fire Insurance Company upon a fire insurance policy. Chas. A. Zweng, trustee in bankruptcy for the estate of Horace E. Chambers, upon motion, was substituted as plaintiff in the case. The material facts are as follows:

J. S. Kelly was a member of a firm of general insurance agents located at Mena in Polk county, Arkansas. The agents represented some twenty-five insurance companies, among them the defendant company, and had the authority to issue and deliver policies. H. E. Chambers carried on a general mercantile business at Ink, Polk county, Arkansas. He made an arrangement with J. S. Kelly whereby his firm was to keep his stock of goods insured to an amount not exceeding $2,500.00. The arrangement was that Kelly should select the companies and keep the stock of goods insured for that amount at all times. In the early part of January, 1914, Kelly issued to Chambers an insurance policy in the Insurance Company of North America. This policy expired in the early part of 1915, and Kelly renewed it in the same company. The company notified Kelly that they had decided to accept no further business off of the line of railroad and directed him to cancel the policy on that account. The town of Ink was not situated on the line of any railroad. Kelly then cancelled the policy and made a notation to that effect on his insurance register. He rewrote the policy in the Georgia Home Insurance Company and soon afterward that company also notified him that they declined to write any further business off the line of

railroad and instructed him to cancel the policy. Kelly made a notation of the cancellation of the Georgia Home policy on his insurance register. On the same day he immediately issued a policy to Chambers in the Allemania Fire Insurance Company in the sum of $2,350.00 on the stock of goods and $150.00 on the furniture and fixtures. That night the store house and contents of Chambers were destroyed by fire set by burglars who had entered his store. Both the Georgia Home policy and the Allemania policy contained a clause authorizing cancellation, so much of which as is pertinent to the issues raised by appeal reads as follows:

"This policy shall be cancelled at any time at the request of the insured, or by the company by giving five days notice of such cancellation."

About ten days before the issuance of the policy sued on, Kelly passed by Chambers' store and stopped there. Chambers reminded him that his policy of insurance would soon expire and asked him to renew it in some company to be selected by Kelly. Kelly agreed to do this and the policy in question was issued under their agreement that Kelly was to renew or rewrite the policy of insurance for Chambers as soon as it expired, in a company to be selected by Kelly. The jury returned a verdict in favor of the plaintiff and the defendant has appealed.

(1) It is insisted that the court should have instructed the jury to return a verdict for the defendant on the ground that prior to the fire there was no contract of insurance between the defendant and the assured. It will be remembered that the policy in the Georgia Home Company as well as the policy in the defendant company contained a clause permitting the policy to be cancelled by the company by giving five days' notice of such cancellation. Kelly cancelled the Georgia Home policy without giving this notice to the assured and immediately rewrote the risk with the defendant company. Counsel claim that Kelly could not, without the knowledge and consent of Chambers, cancel a policy in one of his companies and substitute for it a policy in

another company. They contend that the general rule
is that the same person may not act as agent for the
insurer and the insured in procuring a policy of fire
insurance, the reason being that such double agency
imposes upon the agent inconsistent duties, a condition
of affairs not permitted by law as being against public
policy.  Many authorities are cited to sustain the rule
but we need not stop to review these decisions, for the
reason this court has already taken a contrary position
on the question.  In *Phoenix Insurance Company* v.
*State*, 76 Ark. 180, the court held that a stipulation in
a policy of fire insurance for five days' notice to the
insured is made for the benefit of the assured and may
be waived by him.  The court further held that where a
property owner constitutes the agent of fire insurance
companies as his agent to keep the property insured and
empowers him to select the insurer or insurers, the agent
has power to cancel a policy without notice to the
insured and to substitute therefor a policy in another
company, and an agent for insurance companies may be
the agent of the insured for these purposes.  But it is
contended that this decision has been overruled or
modified by the case of the *Commercial Union Fire Insur-
ance Co.* v. *King*, 108 Ark. 130.  We do not agree with
counsel in this contention but on the contrary think
that the case last cited is in harmony with our first
mentioned case on the subject.  In the latter case the
court held that the giving of the notice as required by
the policy was a condition precedent to cancellation.
The court held in effect that where a policy of insurance
provides that it may be cancelled upon notice to the
insured, notice by the company to its own agent to
cancel the policy is ineffective as a cancellation in the
absence of authority to the agent, from the insured to
act for him in receiving notice of cancellation and in
procuring other insurance.  Thus it will be seen that the
case is directly in line with the first mentioned case.
Other cases than those cited in *Phoenix Ins. Co.* v.
*State, supra*, sustaining the rule that a general insurance
agency, representing several companies  with authority

to act upon applications and issue policies, as well as cancel the same, may also act as the agent of the insured in waiving notice of cancellation, and in accepting a delivery of a new policy when substituted for the one cancelled, are *Hamm Realty Co.* v. *New Hampshire Fire Ins. Co.* (Minn.), 83 N. W. 41, and cases cited and *Johnson* v. *North British & Mercantile Ins. Co.* (Ohio), 63 N. E. 610, and cases cited.

It is said that such a business arrangement is in many cases adopted by firms and corporations in towns and cities, and is beneficial both to the underwriters and the parties insured, adding to the business of the one and relieving the other from anxiety regarding the expiration and replacement of risks. It follows, therefore, that the court did not err in refusing to instruct a verdict for the defendant.

(2-3) It is also insisted that the judgment should be reversed because the defendant had written to the firm of which Kelly was a member notifying them not to issue any more policies in towns off of a line of railroad. As we have already seen Kelly's firm had authority to issue and deliver policies of insurance for the defendant and the defendant could not send its agents forth with authority to issue policies and deliver them to applicants for insurance and at the same time limit their authority by private instructions. Where an agent does anything within the real or apparent scope of his authority it is as much the act of the principal as if done by the principal himself. *Peoples Fire Ins. Assn. of Ark.* v. *Goyne*, 79 Ark. 315, and *New Hampshire Fire Ins. Co.* v. *Blakely*, 97 Ark. 567. It is also contended that the judgment should be reversed because the judgment was for a greater amount than that warranted by the evidence. It will be remembered that the insurance on the stock of goods was $2,350.00 and that on the office furniture and fixtures was $150.00. The court by its first instruction, authorized the jury to find for the plaintiff in the sum of $150.00 on the building. This was error because this insurance was on the office furniture and fixtures and not on the building. This error, however, does not call

for a reversal of the judgment because it can be cured by a remittitur. It is conceded by counsel for plaintiff that this should be done and that the attorney's fee and penalty provided for by the statute should not be recovered because of this error. A remittitur is ordered entered for the amount of $150.00 and the penalty and attorney's fees amounting to $550.00. The undisputed proof shows that the fire occurred without any fault on the part of the insured and that a three-fourths valuation of the goods destroyed, amounted to the face of the policy. So judgment will be entered here for the face of the policy and accumulated interest which will amount to $2,483.75.

It is so ordered.