WESTCHESTER FIRE INSURANCE COMPANY *v.* SMITH.

Opinion delivered March 12, 1917.

1. INSURANCE — WARRANTY AGAINST ENCUMBRANCES — WAIVER.—A warranty of no encumbrances is waived where the insurer's agent was notified that the property was encumbered when application for the policy was made.

2. INSURANCE—WARRANTY AS TO TITLE WAIVED.—A. deeded property to B. receiving notes therefor, which were not paid. An agent of appellant insurance company solicited A. for insurance on the house on the property. A. related the facts and the agent placed the insurance in A.'s name. *Held,* appellant company was liable on the policy.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; affirmed.

*J. A. Watkins,* for appellant.

1. Smith was not the "unconditional and sole owner." The policy was void. 63 Ark. 201; 4 L. R. A. (N. S.) 231; 6 *Id.* 852; 2 Clements on Fire Insurance, 155, 156.

2.  There was no waiver.

*O. H. Sumpter,* for appellee.

1.  Appellee told appellant's agents of his interest in the property before the policy was issued, and before the proof of loss was made.  There were no intentional false statements made, nor any that were misleading. 100 Ark. 9; 75 *Id.* 251; 19 Cyc. 855.

2.  A clear case of waiver is made.  100 Ark. 9; 52 Ark. 11, 16.  The cases cited by appellant are not applicable.  Here the company knew *all* the facts *before* the policy was issued, and not *after the fire.*

SMITH, J.  Appellee, B. O. Smith, was the owner of a dwelling house and barn, which he conveyed to J. H. and W. T. Maux, by deed dated January 12, 1914.  The deed recited a consideration of $1,001, and was, in fact, the sum of $1,000, consisting of two notes, each for $500. No part of the consideration had been paid, except by the execution of these notes.  A fire insurance policy was issued by the appellant insurance company, covering this property, on July 8, 1915, for the sum of $600.  This policy was issued to, and in the name of, B. O. Smith, as the owner.  The property was destroyed by fire on October 10, 1915.  Smith, soon thereafter, applied at the office of the insurance agency, which had written the policy, for the necessary blanks upon which to make proof of his loss, and, in making this proof, he inserted his own name as the owner of the property, both at the time of the issuance of the policy, and the occurrence of the fire, and he made an affidavit in connection with this proof of loss.

The insurance company denied liability, and this suit was accordingly brought.  The denial of liability is based upon the following clause contained in the policy:

"This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void, if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

This condition of the policy, and the existence of the facts set forth above, would, of course, render the policy void under ordinary circumstances. It is said, however, that this provision of the policy was waived, and the evidence in support of this waiver is to the following effect. An agent of the appellant company applied to Smith for authority to write a policy of insurance against this property. Smith explained to the agent that he had sold the property, and had executed a deed therefor, but that no part of the purchase money had been paid. This agent stated to him that, if this was true, the property was his, and could be insured in his own name, and the policy was accordingly written. There was also evidence that this explanation was made to the agents of the company before the proof was made, and the insured was directed to make the proof in his own name as owner, and he accordingly did so.

The instructions in the case are not set out, and we must, therefore, assume that the cause was submitted to the jury under correct instructions, and we must affirm the judgment of the court below if we find the evidence set out above is legally sufficient to support the verdict.

Smith's interest in the property was an equitable one, yet he insured it as if he were the owner of the legal unencumbered title. This was in contravention of the provisions of the policy set out above. However, such provisions are for the benefit and protection of the insurer, and may be waived by it.

In the case of *Queen of Ark. Ins. Co.* v. *Laster*, 108 Ark. 261, we said: "This court has often ruled that the warranty of no encumbrance is waived where the insurer's agent was notified, when application was made for the policy, that the property was encumbered. (*Capital Fire Ins. Co.* v. *Montgomery*, 81 Ark. 508; *Capital Fire Ins. Co.* v. *Johnson*, 82 Ark. 90)."

Other recent cases holding such provisions may be waived are *Hutchins* v. *Globe Life Ins. Co.*, 126 Ark. 360, 190 S. W. 446; *Home Fire Ins. Co.* v. *Wilson*, 118 Ark. 442; *Royal Ins. Co.* v. *Morgan*, 122 Ark. 243.

Smith was not the owner of this property within the meaning of the policy, although his equitable interest equalled that of its value, as evidenced by its purchase price. But, with knowledge of this fact, the company elected to issue this policy in the name of Smith, rather than in the name of his vendees, and, under the doctrine of the above cited cases, it must be held to have waived the provision of the policy set out above. The decree of the court below is, therefore, affirmed.