FARMERS UNION MUTUAL INSURANCE COMPANY *v.* HILL.

4-6935                                          167 S. W. 2d 874

Opinion delivered January 25, 1943.

*J. H. Carmichael, Jr.,* for appellant.

*Joe P. Melton,* for appellee.

HOLT, J. Appellee sued appellant to recover on a fire insurance policy in the amount of $1,000 together with penalty and attorney's fees. The complaint alleged that the insurance policy covered appellee's residence property; that the property burned November 30, 1940; that the policy was in full force and effect at the time of the fire; that appellee had complied fully with all of its terms, and demanded payment, but that appellant denied liability and refused to make payment.

Appellant's answer denied every material allegation in the complaint. Upon a trial and at the conclusion of all the testimony, the court, on appellee's motion, took the cause from the jury and instructed a verdict in appellee's favor for the amount of the insurance coverage, and in addition assessed as part of the cost, the statutory penalty and an attorney's fee of $150. This appeal followed.

For reversal appellant says in its brief "the two questions to be decided by this court are that the court erred in not permitting the case to go to the jury, and second, that the court erred in allowing attorney's fees in any sum."

1.

As we view this record, the undisputed facts are as follows: November 11, 1940, appellee signed an application for the insurance in question with appellant's duly authorized agent, F. F. Hoggard, who solicited the insurance. In the application appellee, among other things, stated that the house to be insured was residence property, had been in use one month and was 100 feet from the "nearest building or risk." The application was made a part of the insurance contract. Upon receipt of this application, November 11, 1940, appellant's agent mailed it to appellant's home office in Little Rock, Arkansas. On November 20, 1940, appellant, from its Little Rock office, by letter, mailed the policy in question to its agent, F. F. Hoggard, at

Lonoke for delivery to appellee, and acknowledged receipt of the initial premium of $19.50.

The insured property was on a farm about eight miles north of Lonoke. The insurance policy contained this provision: "Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurred . . . (f) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days, etc." At the time the insurance was issued and became effective on November 11, 1940, the residence in question was in course of construction and lacked several days of completion. At the time of the fire it had never been occupied. Appellant's agent, Hoggard, knew the building was not completed and that it had never been occupied by anyone. He had been in and about the building at different times and knew that there was another building within less than 100 feet of the building in question. He was appellant's agent with authority to take the application of appellee in question.

Under these facts it is our view that appellant's agent, Hoggard, waived the occupancy provision, and the untrue statements of appellee in the application as to the distance of the nearest building, or risk, to the property in question, and the length of time it had been occupied prior to the application. Notice to Hoggard, appellant's agent, was notice to the principal, appellant, and appellant has waived any right to claim a forfeiture of the insurance on account of appellee's false answers in the application or for violation of the provision of the policy. In one of our leading cases on this point this court in *Peoples Fire Insurance Association of Arkansas* v. *Goyne,* 79 Ark. 315, 96 S. W. 365, 16 L. R. A., N. S., 1180, 9 Ann. Cas. 373, held (quoting headnotes 1 and 2): "(1) An insurance company may be estopped by the conduct of its agent, acting within the apparent scope of his authority, from availing itself of a false answer to a material question or of any other breach of warranty or violation of the provisions of the application or policy, notwithstanding clauses in the application or policy pro-

vide that it shall not be bound by any such conduct of its agent. (2) Parol evidence is admissible to show that an insurance agent, in writing the application for a policy, waived a forfeiture on account of a false answer to a material question or a violation of provisions of the application or policy, in the face of clauses in the application or policy to the effect that no waiver shall be effective unless indorsed in writing on the policy at the office of the company," and in *Allemania Fire Ins. Co.* v. *Zweng, Trustee,* 127 Ark. 141, 191 S. W. 903, this court, citing with approval the Goyne case, said: "Where an agent does anything within the real or apparent scope of his authority it as much the act of the principal as if done by the principal himself."

It is our view, therefore, that on the undisputed facts there was no substantial testimony in this record upon which a jury might have based a verdict in favor of appellant and that the court did not err in not submitting the case to it. The question of recovery on the policy then became one of law, which we think was properly determined by the court below.

### 2.

Appellant's next contention that the court erred in assessing as part of the costs, an attorney's fee we think must be sustained.

It will be observed that the appellant is a farmers mutual fire insurance company doing business under the assessment plan, and was organized under the provisions of Act 14 of 1897, now appearing as §§ 7943-7946, inclusive, Pope's Digest, as amended. Section 1 of Act 14, (§ 7943, Pope's Digest), provides, in part, "that it shall be lawful for any number of farmers of this state to make mutual pledges and give valid obligations to each other for their own insurance from loss by fire, or loss or damage by tornadoes, lightning, cyclones, or wind storms, but such association of persons shall in no case insure any property not owned by one of their own number." Section 2 (§ 7944, Pope's Digest) provides: "That nothing in the insurance laws of this State requiring the giving of bonds by insurance companies,

nor any other provision, requirements, or regulations of any insurance law shall be construed to apply to or govern either directly or indirectly such Farmers' Mutual Aid Association, except as herein provided.''

Section 7670, under which appellee claims, and the court assessed, the attorney's fee, provides: ''In all cases where loss occurs and the fire . . . . insurance company liable therefor shall fail to pay the same within the time specified in the policy after demand made therefor, such company shall be liable to pay the holder of such policy in addition to the amount of such loss . . . reasonable attorney's fees for the prosecution and collection of said loss,'' etc. While this section 7670 was enacted in 1905, subsequent to Act 14 of 1897, we are of the opinion that it was not the intention of the lawmakers that § 7670 should repeal the provisions of § 2 of Act 14. Certainly this section was not specifically repealed, and we are not prepared to say that it has been repealed by implication. It is a well settled rule that repeals by implication are not favored.

We, therefore, hold that § 2 of Act 14, *supra*, (§ 7944, Pope's Digest) is still in full force and effect and relieves appellant from the payment of the attorney's fee assessed by the court in this case. Accordingly the judgment will be modified so as to relieve appellant from paying the assessment of an attorney's fee of $150, but in all other respects it is affirmed.

McFADDIN, J., dissenting. It is a rare occurrence when an insurance company wants to take a case to the jury; but that is the situation here. There was a jury question in this case as to the power and authority of the agent to bind the company concerning the vacancy; and also as to whether the company had waived its right to claim a forfeiture.