WASHINGTON COUNTY FARMERS MUTUAL FIRE INSURANCE COMPANY *v.* REED.

4-9427                                                      237 S. W. 2d 888

Opinion delivered March 12, 1951.

Rehearing denied April 16, 1951.

*O. E. Williams,* for appellant.

*G. T. Sullins, Rex W. Perkins* and *John Wm. Murphy,* for appellee.

ROBINSON, J. This appeal involves a ten-day vacancy clause in a policy of fire insurance. The appellant Insurance Company contends that the insured property had been vacant for more than ten days at the time it was

destroyed by fire, and that under the terms of the policy the Company is, therefore, not liable.

Appellee Reed denies that the house had been vacant for ten days at the time it was destroyed, and alleges that if it had been vacant for that period of time, the Insurance Company waived the ten-day vacancy clause.

The case was tried in the Chancery Court because of a mortgage foreclosure being involved, the Chancellor finding in favor of the assured, who is the appellee, on the insurance feature of the case.

Circumstantial evidence was introduced tending to prove the house was vacant at the time of the fire, but just how long this vacancy had existed is a matter of speculation. The property was mortgaged to the Federal Land Bank of St. Louis. The policy of insurance was issued on appellee's application September 2, 1945. The application was made out on a regular form furnished by the Insurance Company and nothing was set out therein regarding a forfeiture in the event of a ten-day vacancy at the time a fire might occur. The policy was not delivered to the appellee, but was sent to the mortgagee. It does not appear that the appellee, Bessie C. Reed, or anyone acting for her, ever had possession of the policy or saw it until after the fire.

The house destroyed was a large 14-room country home, and from pictures taken after the fire, of the rock and concrete remains, it appears to have been a handsome and substantial structure. There was only $2,000 fire insurance on it, and the evidence is that some months before the fire, the appellee endeavored to obtain additional insurance as she was having some alterations and repairs done on the place. There is evidence to the effect that, at this time, the appellant Insurance Company inspected the house, which was vacant, and was informed of it being vacant about one-half the time, this statement being made to Mr. Dorman, Secretary and Treasurer of the Insurance Company, who had authority, not only to write policies, but to sign and deliver them. He could also waive the vacancy clause of the policy. *Home Fire*

*Insurance Company* v. *Wilson,* 118 Ark. 442, 176 S. W. 688, L. R. A. 1918E, 409. Although according to this evidence the Insurance Company was informed that the house was vacant about one-half the time and knew that the property owner was seeking additional protection, that the policy had been sent to the mortgagee, and that the property owner thought the house was protected to the extent of $2,000, notwithstanding the house was vacant one-half the time, the Insurance Company did not, even then, inform the owner that the property was not covered by insurance when vacant for as much as ten days.

The ten-day vacancy defense was not set up against the mortgagee although the mortgage clause did not specifically mention a ten-day vacancy situation, but in effect the Insurance Company paid the loss to the mortgagee by buying the note and mortgage for the full amount owed thereon including interest, and then, in an effort to recoup the loss, filed suit to foreclose the mortgage.

Moreover, there is evidence to the effect that the house was vacant at the time the policy was issued, that an agent of the Insurance Company inspected the property and, notwithstanding the fact that the Insurance Company knew the property was vacant, it continued to collect premiums for four years. *Farmers' Union Insurance Company* v. *Hill,* 205 Ark. 139, 167 S. W. 2d 874, was a case wherein the Insurance Company defended on the ten-day vacancy clause in the policy and, also, that there was a false answer in the application to the effect that there was no other structure within 100 feet of the property to be insured. There this Court said:

"Hoggard (Insurance Company's agent) knew the building was not completed and that it had never been occupied by anyone. He had been in and about the building at different times and knew that there was another building within less than 100 feet of the building in question. Under these facts, it is our view that appellant's agent Hoggard waived the occupancy provision and the untrue statements of appellee in the application

as to the distance of the nearest building, or risk, to the property in question, and the length of time that it had been occupied prior to the application. Notice to Hoggard, appellant's agent, was notice to the principal, appellant, and appellant has waived any right to claim forfeiture of the insurance on account of appellee's false answers in the application or for violation of the provision of the policy.''

The case of *National Surety Company of New York* v. *Fox,* 174 Ark. 827, 296 S. W. 718, 54 A. L. R. 458, involved a policy of burglary insurance. The Insurance Company defended on the ground that the policy only covered the property while the house was occupied by the assured and, at the time of the burglary, the premises had been rented to other people. The assured testified that subsequent to the issuance of the policy, he rented the premises to other people and told the general agent of the insurance company about renting the property, and Mr. Newell, the agent, made no objection, the record revealing that Newell had authority to issue policies and that he had issued the policy in question. This Court held that the assured, in these circumstances, could recover and said:

''Forfeitures are not favored in law, and any agreement, declaration or course of action on the part of an Insurance Company which leads the insured honestly to believe that by conforming thereto, a forfeiture of his policy will not be incurred, followed by conformity on his part will estop the insurance company from insisting upon forfeiture. The rule thus announced has been steadily adhered to by this Court.'' *German Insurance Company* v. *Gibson,* 53 Ark. 494, 14 S. W. 672; *Interstate Business Men's Accident Association* v. *Green,* 132 Ark. 546, 201 S. W. 799.

If in fact the Chancellor found that the house had been vacant ten days at the time of the fire, all the facts in this case considered together would sustain a finding that the Insurance Company waived the ten-day vacancy clause.

Affirmed.