PEOPLES INDEMNITY INSURANCE Co. v. MASHBURN.

5-2394                                    345 S. W. 2d 922

Opinion delivered May 8, 1961.

*Frierson, Walker & Snellgrove,* for appellant.

*Douglas Bradley,* for appellee.

SAM ROBINSON, Associate Justice.    Appellant, Peoples Indemnity Company, issued to appellees a policy of fire insurance covering a house located on a farm. The policy contains the following provisions: ''Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage

occurring, . . . (b) while the hazard is increased by means within the control or knowledge of the insured; or . . . (d) while the described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days; or without written endorsement attached hereto; . . ."

The house burned and the insurance company refused payment on the policy. Appellees then filed this suit. There was a jury verdict for the policyholders and the insurance company has appealed. In its answer the insurance company alleged: "The plaintiffs failed to comply with the provisions of the insurance policy [above mentioned], in that the hazard insured against was increased by means within the control or knowledge of the insured, since the policy was issued insuring the property as a tenant dwelling, whereas, in fact, it was not used as such and that fact was not known to the defendant company or any of its agents, and, further, the property insured was vacant and unoccupied beyond a period of ten days without any written endorsement attached to the policy and without any knowledge of the defendant or its agents."

Mr. S. L. Griffin was the agent who wrote the policy in question and he had full authority to write and deliver policies for the insurance company. At the time the house burned, the property was rented to Faber Thomas and his son and it was shown that the house had not been occupied for more than ten days at the time of the fire nor had the insurance company given its consent to the vacancy. In fact, the house had not been regularly occupied for a long time. It was used to house Mexican laborers at seasonal periods. Mrs. Mashburn, the assured, testified that Mr. Griffin's firm had been the agency that attended to the issuance of policies on the house for several years and that Mr. Griffin was fully aware that the house was occupied only a portion of the time and that it was vacant at the time the policy was issued. Mrs. Mashburn testified that she specifically gave Mr. Griffin this information. On the other hand,

Mr. Griffin denied that he knew the house was vacant at the time he wrote the policy and denied that he knew it was occupied only a part of the time. Thus, there was a question of fact to be decided by the jury, and it was decided in Mrs. Mashburn's favor.

The issue was submitted to the jury by the court's Instruction No. 3, as follows: "You are instructed that on Policy No. 1 [there was another policy involved in the trial court that is not in issue on appeal,] it will be your duty to return a verdict for the plaintiffs for the sum of $1,000.00, unless you find that the defendant's agent, Mr. Griffin, did not know that the house was unoccupied at the time the insurance policy was issued, and that the house was unoccupied as defined by later instructions of the Court." The only objection appellant made to Instruction No. 3 was that there "had been no evidence in the case which would raise a question of fact on that question." But, as heretofore pointed out, the testimony of Mrs. Mashburn did raise such an issue of fact. Appellant alleged in its answer "that the property was vacant for more than ten days without any knowledge of the defendant or its agents." Appellant failed to prove this allegation in the answer to the satisfaction of the jury.

In *Washington County Farmers Mutual Fire Ins. Co.* v. *Reed,* 218 Ark. 522, 237 S. W. 2d 888, this Court quoted from *Farmers' Union Insurance Co.* v. *Hill,* 205 Ark. 139, 167 S. W. 2d 874, as follows: " 'Hoggard (Insurance Company's agent) knew the building was not completed and that it had never been occupied by anyone. He had been in and about the building at different times and knew that there was another building within less than 100 feet of the building in question. Under these facts, it is our view that appellant's agent Hoggard waived the occupancy provision and the untrue statements of appellee in the application as to the distance of the nearest building, or risk, to the property in question, and the length of time that it had been occupied prior to the application. Notice to Hoggard, appel-

lant's agent, was notice to the principal, appellant, and appellant has waived any right to claim forfeiture of the insurance on account of appellee's false answers in the application or for violation of the provision of the policy.' " Appellant now says appellees did not plead waiver, but no objection was made to Mrs. Mashburn's testimony regarding Griffin's knowledge of the vacancy.

Appellant further argues that the policyholders are precluded from recovery by the following policy provision: "This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, . . . (d) if any change, other than by the death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard)." This provision is not applicable because if the property was vacant at the time the policy was issued, as claimed by the appellees, there was no evidence of change in occupancy that increased the hazard.

Affirmed.