ÆTNA INSURANCE COMPANY *v.* ROSENBERG.

Opinion delivered July 8, 1896.

INSURANCE—CANCELLATION OF POLICY.—An insurance agent, who had the power to cancel policies on five days' notice to the insured, and tendering repayment of the unearned premium, without giving such notice or making the tender, wrote to an insured, asking him to return to him his policy for cancellation, and promising to reinsure the property in another good company. The insured returned the policy as requested, but the agent did not actually cancel it, nor issue any other policy to the insured. *Held* that the policy remained in force.

Appeal from Hempstead Circuit Court.

RUFUS D. HEARN, Judge.

*W. M. Greene*, for appellant.

1. The policy was cancelled. The cancellation took effect the moment the agent received the policy from the appellees for cancellation. 36 Mo. App. 126; *Ib*. 142.

2. The surrender of the policy by insured to the agent, and the acceptance of it by the latter with the mutual intention of cancelling, is a cancellation. 62 N. Y. 599; 39 Mich. 489; 90 Pa. St. 220; 6 N. Y. S.

602, 876.   When a person signs papers pertaining to important business, he cannot be permitted to escape their binding effect by stating that he did not read them. 35 Ark. 555; 50 *id.* 406.

3.   Re-insurance in some other company was not a condition precedent; nor was the return of the unearned premium a prerequisite to cancellation.   54 Mich. 531; 74 Wis. (1887); 105 N. Y. App. 543; 13 Lea (Tenn.), 340; 62 N. Y. App. 598; 50 *id.* 402.

4.   Under the facts of this case there was a valid contract of insurance with the North America Insurance Company.   1 May on Ins., secs. 14 to 23 A; 1 Pick. (Mass.), 278; 16 Gray (Mass.), 448; 4 Otto, 574.

*R. B. Williams*, for appellee.

1.   Appellees did not by their conduct waive the tender or return of the unearned premium due them on cancellation of their policy.   This return was a condition precedent.   45 Ga. 294; 9 Am. L. Rev. 385; 3 N. E. 309; 51 N. Y. 465; 1 May on Ins., sec. 67, C; 6 Fed. 143; Biddle on Ins., vol. 1, sec. 373.

2.   The policy was not cancelled before the fire. The placing of insurance in some other company was the condition upon which the policy was surrendered. 2 Fed. 432; 35 N. E. 53; 50 Oh. St. 532; 60 Ark. 543; 4 Wheat. 228; 3 Cliff. 608; 2 Cranch, 127; 14 Pet. 77; 3 Conn. 357; 27 Pa. St. 268; 36 N. Y. Sup. 329.

BUNN, C. J.   On the 6th of March, 1894, appellees, the plaintiffs in the court below, filed their complaint against the appellants in the Hempstead circuit court, and on the 10th of April, 1894, defendants filed their answer.   Judgment for plaintiff, and defendant moved for a new hearing.   The same was overruled, and they tendered their bill of exceptions, and take an appeal. This is an action on a policy of fire insurance issued to plaintiffs by the Aetna Insurance Company.   The Union

Guaranty Company executed the bond to the State of Arkansas for the benefit of holders of policies in said insurance company; and, as such bondsman, was made defendant in the suit.

The policy contained a stipulation to the effect that, on giving five days' notice to the holders, and tendering the payment of the unearned premiums, said insurance company had a right to cancel said policy, and it was shown that Knighton, the agent of the company with whom the dealings were had, was authorized to cancel the policy according to its terms. The property insured (a storehouse and goods in the town of Fulton, Hempstead county, Arkansas) was destroyed by fire. Previous to the fire the agent, Knighton, wrote to appellees to return the policy for cancellation, coupling the request with the promise (as testified by Rosenberg, one of the appellees) that, if appellees would return the policy for cancellation, he would insure the property in another good company.

There was evidence tending to show that, while the company through its said agent had the right to cancel the policy on giving the five days' notice, yet this notice was not given, and the agent really intended to exercise the power of cancellation, not according to the strict letter of the policy, but rather in conformity to the voluntary surrender of it for that purpose by the holders. Indeed, it does not appear that the agent ever actually cancelled the policy, or did anything to that effect; even failing to open letters of appellees to him which accompanied the returned policy. It thus appears in evidence that not only may the appellees have reasonably expected that the policy would not be cancelled until their property should be insured in another company, and thus be at all times covered by insurance, but that the insurance in the other company was the condition upon which the cancellation should be made. Furthermore, if such was

the condition upon which alone the cancellation could have been made by the company's agent, under the particular circumstances, it was also the only condition upon which the five days' notice could have been legitimately considered as waived, if it was waived at all.

There was evidence supporting the findings of the court to the foregoing effect, and the judgment is therefore affirmed.