## FRONTIER–PONTIAC, Inc., v. DUBUQUE FIRE & MARINE INS. CO.

### No. 14445.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 20, 1942.

Rehearing Denied Dec. 18, 1942.

John M. Scott, of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellee Lydick Ins. Agency.

Hill & Paddock, of Fort Worth, for appellee, Dubuque Fire & Marine Ins. Co.

McDONALD, Chief Justice.

This is a suit on an insurance policy. The sole question is whether the following letter, written by the agent of the insurance company to the insured, was sufficient to cancel the policy. The letter, omitting the formal parts, reads as follows:

"We have had a letter from the Dubuque Ins. Co. asking us to relieve them of their liability on the above described risk.

"We are, therefore, asking that you return this policy to us as soon as possible for cancellation. As soon as we receive this policy, we will send you a check for the return premium.

"We are sorry that we are unable to serve you in this instance."

The insured made no answer to this letter, nor did it return the policy to the agent. The loss occurred some three weeks later.

The cancellation clause in the policy reads in part as follows:

"This policy may be cancelled by the Company by mailing written notice to the Named Insured at the address shown in the policy stating when not less than five days thereafter such cancellation shall be effective, and upon demand the company shall refund the excess of premium paid by such Insured above the pro rata premium for the expired term. The mailing of notice shall be sufficient proof of notice and the insurance under this policy shall end on the effec-

tive date and hour of cancellation stated in the notice."

The contention of the insured is that the notice is insufficient to cancel the policy in two respects. First, it does not state the effective date of cancellation. Second, it indicates that the cancellation is to become effective when the policy is returned to the agent, and not until then.

Statements of the rules applicable, and the authorities supporting them, may be found in Vol. 6, beginning at page 705, of Appleman, Insurance Law and Practice, and in the annotation in 106 A.L.R., beginning at page 899.

A summary of such rules may be stated as follows: The insurer may cancel the policy by giving notice in compliance with the terms of the policy. The notice must give the insured a definite understanding that the policy is cancelled, or the insurer's notice to cancel must be so expressed as to give notice to an ordinary man in the exercise of ordinary care. The notice must be expressed in clear, positive and unequivocal terms. It must not be couched in such terms as to leave the insured in doubt as to the effective date of the cancellation. It must not be merely an expression of an intention to cancel the policy at some time in the future.

Under the majority of the decisions, a notice of cancellation effective immediately, or within less time than that provided in the policy, is nevertheless sufficient to cancel the policy at the end of the time limit set out in the policy.

While the holdings in Pomerantz v. Mutual Fire Ins. Co. of Chester County, 279 Pa. 497, 124 A. 139, and Southern Ins. Co. v. Williams, 62 Ark. 382, 35 S.W. 1101, tend to support appellant's contention that the notice in the present case indicates a purpose to cancel when the policy is returned to the agent, we have concluded that the notice is sufficient to inform an ordinary man, exercising ordinary care, that the insurance is being cancelled effective at the end of the five day time limit set out in the policy. It seems to us that an ordinary man, upon receipt of this letter, would conclude that the company was then and thereby giving notice to him that the policy was being cancelled, and that he would not be justified in believing that he could continue the insurance in force simply by failing to return the policy to the agent. The letter as

a whole is sufficient to inform the insured that the relations between the insurer and the insured are at an end. The expression "as soon as possible", taken in connection with the statement that the company has requested the agent to relieve it of liability, and the concluding statement that "We are sorry that we are unable to serve you in this instance", indicates a present termination of relations between the insurer and the insured.

The judgment of the trial court, denying a recovery to the insured, is affirmed.