MECHANICS & TRADERS INSURANCE COMPANY *v.* GRAMLING.

4-8545                                                   211 S. W. 2d 645

Opinion delivered May 24, 1948.

Rehearing denied June 21, 1948.

*McMillen & Teague,* for appellant.

*Barrett, Wheatley & Smith, Phil Herget* and *Kirsch & Cathey,* for appellee.

ROBINS, J. Appellants ask us to reverse judgment of the lower court against them in favor of appellees for amount alleged to be due on fire insurance policies issued by appellants.

Appellees, on November 13, 1946, sold to Coleman, Keller & Ackerman certain personal property, taking twelve promissory notes of the vendees, each in the sum of $585, for the purchase money. In order to secure these notes the vendees executed and delivered to appellees a chattel mortgage on this personal property, and the mortgage was duly filed with the recorder on November 13, 1946. The vendees also delivered to appellees certain fire insurance policies covering the mortgaged property. Each policy bore a "loss payable" clause in favor of appellees. Among these policies were three policies, each for $500, and issued, respectively, by the three appellants. The property insured was destroyed by fire on February 3, 1947.

The sole defense of appellants was that two of the policies sued on had, on November 15, 1946, and the other on November 19, 1946, long before the fire, been canceled, and were not in force when the property burned.

Whether these policies were effectually canceled, insofar as the rights of appellees are concerned, is the sole question in this case.

The testimony, in which there is little dispute, showed that the policies sued on were issued by the Freeze Insurance Agency, which was the local agent (with power to issue policies) of each of the appellants. On November 15, 1946, this agency received instructions from appellants, Mechanics & Traders Insurance Company and Louisville Fire & Marine Insurance Company, to cancel the said policies issued by said appellants, respectively; and like instructions were received on November 19, 1946, from appellant, The Yorkshire Insurance Company, Ltd. In obedience to these instructions a representative of the Freeze Insurance Agency attempted to take up these policies from the persons named therein as the assured, but was told that the policies had been lost or mislaid. This agent thereupon took from one of the parties insured written statements by which cancellation of the policies was agreed to and surrender of the policies when found was promised. No notice of this cancellation was ever

given to appellees, though the policies were in their possession.

The "loss payable" clause in each of the policies was as follows: "It is agreed that any loss ascertained and proved to be due the insured under this policy shall be held payable to J. C. Gramling, W. D. Stark and Jess Gramling as interest may appear; subject, however, to all the provisions and stipulations of this policy."

The provisions for cancellation in each of the policies were as follows:

"Cancellation of Policy. This policy shall be cancelled at any time at the request of the insured, in which case this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this Company, by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.

"Mortgagee Interests and Obligations. If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten days' written notice of cancellation."

The manager of the Freeze Insurance Agency testified that he knew of the mortgage held by appellees.

Appellants argue that the "loss payable clause" on the policies involved was not the comprehensive "standard mortgage clause" generally used to protect mortgagees, and that under the clause used appellants were not required to notify appellees. The contention of appellants is that they were required to notify only the persons named in the policies as the assured, in order to effect cancellation.

But appellants' local agent admitted that he knew of the existence of the mortgage to appellees. This knowledge of the agent was knowledge of the insurers. *Mutual Aid Union* v. *Blacknall*, 129 Ark. 450, 196 S. W. 792; *Mechanics' Insurance Company* v. *Inter-Southern Life Insurance Company*, 184 Ark. 625, 43 S. W. 2d 81.

Each of these policies was payable to appellees as their interest might appear and the policies contained provisions to the effect that where a policy was made payable to a mortgagee cancellation might be effected by "giving to such mortgagee a ten days' written notice." Since appellees were mortgagees—a fact of which appellants had actual, as well as record, notice—appellees were, under the letter of the contracts, entitled to notice of intention of insurers to cancel the policies.

It is conceded that no notice of cancellation was ever given to any of the appellees. It follows that there was no valid cancellation of these policies, so as to affect the rights of appellees, and that, as to them, the policies were in effect at the time the property was destroyed by fire. *National Union Indemnity Company* v. *Standard Accident Company of Detroit*, 179 Ark. 1097, 20 S. W. 2d 125; *Dent* v. *Froug's, Incorporated*, 189 Ark. 461, 74 S. W. 2d 237.

It is not disputed that more than the amount of the insurance was due to appellees on their promissory notes. Hence, they were entitled to the judgments sought by them.

We find it unnecessary to consider other questions argued in the briefs, since, under the documents and facts, about which there is no dispute, appellants had no valid defense.

The judgment of the lower court is affirmed.