MURRAY BERNARD INDUSTRIES, Inc. v. EAST & WEST INS. CO.

No. 10021.

United States Court of Appeals
Seventh Circuit.

Nov. 10, 1950.

Rehearing Denied Dec. 9, 1950.

Bernard Yedor, Byron M. Getzoff, Chicago, Ill., for appellant.

Samuel Levin, Chicago, Ill., for appellee.

Before KERNER, DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this suit upon a certain policy of fire insurance alleged to have been issued by the defendant insurance company insuring plaintiff against loss by fire damage on certain of its personal property located in a factory at Rockford, Illinois. Defendant denied liability on the ground that the insurance policy had been cancelled before the fire loss occurred. The issues were tried by the court. This appeal is from the judgment favorable to the defendant.

Plaintiff was engaged in the business of selling specialty furniture. After obtaining orders for a certain item, it contracted for the manufacture of same according to plans and specifications which it furnished. Plaintiff purchased the necessary raw materials, such as lumber and hardware, which it shipped to whichever factory had the manufacturing contract. Plaintiff usually procured fire insurance coverage on its property in the possession of the various manufacturers.

In September, 1946, plaintiff contracted for the manufacture of three separate items of furniture at factories located at Cleveland, Ohio, Holland, Indiana and Rockford, Illinois. Murray Bernard, the president of plaintiff, contacted one Jacobs, an insurance broker through whom plaintiff had previously placed orders for fire insurance, requesting him to obtain insurance to the extent of $10,000 on plaintiff's property located at the Cleveland factory, $7,000 on its property located at the Holland factory, and $10,000 upon its property located at the Rockford factory.

Jacobs had his office with an insurance brokerage firm known as Meeker-Magner Company, and he turned over the order to this company for fulfillment. However, Meeker-Magner Company was able to obtain coverage for only one-half the order, to wit, $5,000 for property at Cleveland,

$3,500 for property at Holland, and $5,000 for property at Rockford, all from the California Insurance Company. It forwarded the order for the balance of the requirement to the Don R. Jensen insurance brokerage firm, which in turn forwarded it to the McGowan Agency, another insurance brokerage firm, for fulfillment. The McGowan Agency placed the insurance order with the East & West Insurance Company, defendant herein. Three separate policies were written covering the property at the three locations, that is, $5,000 for Cleveland, $3,500 for Holland, and $5,000 for Rockford. Only the policy issued to cover the property at Rockford is involved in this lawsuit.

Upon receipt of the policy here in question, the McGowan Agency delivered it to the Jensen firm, from which it had received the order. The Jensen firm thereupon delivered it to Meeker-Magner Company on the morning of October 17, 1946. During the afternoon of October 17 defendant insurance company's home office determined that it had all the insurance it cared to handle on the Rockford location, and contacted the McGowan Agency by telephone, and on October 18 sent a letter asking that the Rockford policy be taken up for cancellation. The McGowan Agency in turn, on October 18, made a similar verbal request to the Jensen firm, and the latter made a similar request to Meeker-Magner Company, which at that time still had possession of the policy. The latter firm surrendered the policy to the Jensen firm which in turn surrendered it to the McGowan Agency, and the policy was then delivered back to the defendant insurance company. The policy was stamped in red, "Cancelled."

Neither the plaintiff nor the insurance broker, Jacobs, had any knowledge that the defendant had issued the Rockford policy. A premium thereon was never paid. About five months later, on March 13, 1947, a fire occurred at the Rockford plant and the building and its contents were entirely destroyed.

The policy of insurance which the defendant executed was a standard form fire insurance policy as prescribed by the stat-

utes of Illinois, and was to run for a period of one year. Among other provisions the policy contained the following: "This policy may be cancelled at any time by this company by giving to the insured a five days' written notice of cancellation." It is admitted that notice was not given to the plaintiff at the time defendant recalled the policy.

Although there was a sharp dispute in the testimony as to a certain conversation between Bernard and Jacobs, the district court believed Jacobs' version and found as facts that there was a delay in delivering the policy which had been issued by the California Insurance Company, and that at the time of its arrival about the first of December Jacobs told the president of plaintiff that he could only get $5,000 insurance on the property at Rockford and that although he had tried to obtain an additional $5,000 worth of insurance through other companies he had not been successful. Jacobs testified as follows: " * * * Mr. Bernard gave me the policy back for Ashley, Ohio, and told me— he mentioned the order for Rockford, and said that due to the fact that business has (had) suddenly become very bad, he had to close out a lot of merchandise from there at a loss, and he said * * * he didn't want no policies for Rockford. * * * He says, 'I don't want any Rockford. I have about $2,000 worth of merchandise there. I will close that out within the next week or so. I don't want no policies for Rockford.'" Jacobs later testified, "He (Bernard) told me he didn't want any insurance, countermanded the order on Rockford, told me things didn't look so good." He further testified that Bernard instructed him to return the California Insurance Company policy which had been issued for the Rockford location.

It is undisputed that Jacobs did return the policy issued by the California Insurance Company and that about the same time he delivered the Holland policy to Bernard. Plaintiff was billed for and paid the premium on the Holland policy. Although the policy on the property at Cleveland had been delivered to Bernard, he returned that policy and did not pay any premium thereon, because plaintiff had concluded to discontinue operations at that location.

Plaintiff argues that when defendant executed the Rockford policy and delivered it to the McGowan Agency, it became a binding policy of insurance which could only be cancelled by the five days' written notice to plaintiff prescribed in the policy. It is contended by plaintiff that the McGowan Agency was a sub-agent of Jacobs, but that Jacobs as well as the other agencies which endeavored to obtain the additional insurance were agents only to procure insurance and not to surrender an insurance policy for cancellation. Plaintiff relies on such cases as Hartford Fire Insurance Co. v. Tewes, 132 Ill.App. 321; Kinney v. Rochester German Insurance Co., 141 Ill.App. 543; and Smith v. Firemen's Ins. Co., 7 Cir., 104 F.2d 546.

■ The weakness of plaintiff's position is in its assumption that the insurance contract could be cancelled only by the prescribed five days' written notice. As in other contracts, it could also have been cancelled by mutual consent (it being common practice to thus cancel fire insurance contracts), or by waiver by the insured of the prescribed written notice. 45 C.J.S., Insurance, § 449, p. 83; Id., § 452, p. 100.

Plaintiff's position is untenable for it seeks to recover on a policy of insurance that was never delivered to plaintiff or its broker, Jacobs, that neither plaintiff nor Jacobs ever knew existed until after the date of the fire, and upon which no premium had been paid or tendered. Plaintiff seeks to recover on the policy in spite of the positive instructions of its president to Jacobs that it did not want any policy of insurance on its property located at Rockford. That such was its conclusion is shown by the fact that plaintiff turned back for cancellation the valid policy for $5,000 which had been issued by the California Insurance Company.

■ We think that by its acts the plaintiff waived the contract provision for a written notice of cancellation, and that plaintiff is not entitled to recover under the provisions of a policy which was not in existence on the date of the fire.

Affirmed.