KANSAS CITY FIRE & MARINE INSURANCE COMPANY
v. KELLUM.

4-9960                                    254 S. W. 2d 50

Opinion delivered January 19, 1953.

*Willis & Walker* and *Ernie E. Wright,* for appellant.

*H. J. Denton,* for appellee.

J. SEABORN HOLT, J. A jury awarded appellee, D. J. Kellum, $2,096.96, and in addition, the statutory penalty and attorney's fee (§ 66-514, Ark. Stats. 1947), resulting from the almost complete destruction of appellee's 1949

Ford 3-ton truck by fire. From the judgment is this appeal. Material facts appear not to be in dispute.

On December 26, 1950, appellee bought the truck in question from Eugene Horn and as part of the purchase price executed his note, secured by a second mortgage on the truck for $2,000. The transaction was executed in a Mt. Ida bank in the office of R. A. Rice, who was an employee of the bank and also a general agent of appellant, insurance company. As the bank's agent, Rice loaned appellee at the time $1,722, which appellee used as a cash payment to Horn. This loan was evidenced by an installment note to the bank, secured by a first mortgage to the bank on the truck. The $2,000 mortgage above from appellee to Horn, as well as the $1,722 mortgage securing the installment note to the bank, were all prepared by Rice December 26, 1950. At the same time, and as a part of the same transaction, Rice, with full knowledge of these two mortgages on the truck, and as appellant's agent, prepared, countersigned, and delivered to appellee appellant's policy of insurance here in question which insured appellee against any loss by fire not to exceed $3,000. Appellee at the time paid the premium to Rice ($140). No written application for the policy appears. As indicated, the truck was destroyed by fire July 20, 1951, and appellee notified Rice on the next day, the 21st, and requested necessary forms on which to make proof of loss, but was informed by Rice that it would not be necessary to file written proof of loss in the circumstances but that he, Rice, would send an adjuster. On August 15, 1951, Mr. Scott, the adjuster, called on appellee, took his written statement, as well as some others, as to the loss. This investigation by Scott was made within thirty days from the date of the loss and notice to appellant, insurer. Mr. Rice did not testify in the case.

The policy provided in part: "Except with respect to bailment, lease, conditional sale, mortgage or other encumbrance, the insured is the sole owner of the automobile except as stated herein: . . . § 16. Declarations: By acceptance of this policy the insured agrees that the

statements in the declarations are his agreements and representations; that this policy is issued in reliance upon the proof of such representation and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance. . . Exclusions, (b): Under any of the coverages, while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy. § 11. Changes: Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy. § 14. Fraud and Misrepresentation: This policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof or in case of any fraud, attempted fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The primary contention of appellant for reversal is that the policy contract here was void when issued because the truck was subject to a second mortgage not declared and described in the policy, and for the further reason that appellee was not the sole owner of the truck at the time the policy was issued or when the loss occurred. We do not agree to either contention.

On these issues, the court correctly instructed the jury: "Ladies and gentlemen, before you could find for the plaintiff, you would have to find that he owned the truck.

"You are instructed that the mortgage of the witness, Horn, is not referred to in the policy of insurance and that under the terms of that policy the failure of the plaintiff to disclose that mortgage in the policy would render the policy void, unless you should find by a preponderance of the evidence that the defendant's agent

at the time of the writing of the policy knew of the Horn mortgage as agent for the company, and knew of its existence, and waived the provision that it should be referred to in the policy.''

There was ample evidence, as pointed out above, that appellee, Kellum, owned the truck. He so testified and Horn testified that he sold it to him. There was also ample evidence that appellant waived the No Encumbrance provision in the policy as to the $2,000 mortgage and also waived the making of written or formal proof of loss by appellee.

Our rule is well established that: ''Knowledge of the agent of the insurer, obtained while performing the duties of his agency in receiving applications and delivering policies, is imputed to the insurer.'' *Callicott* v. *Dixie Life & Accident Insurance Company,* ₁198 Ark. 69, 127 S. W. 2d 620.

We held in *Mechanics & Traders Insurance Company* v. *Gramling,* 213 Ark. 546, 211 S. W. 2d 645 (Headnote 1): ''Insurance—Notice to Agent of Insurer.— Knowledge of the agent of appellants of a mortgage in favor of the vendors of property sold and which appellants had insured was knowledge of appellants,'' and in *Capital Fire Insurance Co.* v. *Montgomery,* 81 Ark. 508, 99 S. W. 687, it was held: (Headnote 1, 2 and 3) ''1. Where a fire insurance company relies upon a breach of the warranty therein against incumbrances, the insured may by parol evidence show that when he applied for the policy he informed the insurance company's agent that the property was mortgaged. 2. A warranty in a fire insurance policy that the property insured is unincumbered is waived where the insurer's agent was notified when application was made for the policy that the property was incumbered. 3. The authority of one to receive and forward applications for fire insurance is sufficient to bind the insurance company with regard to any information imparted to him in the course of his employment.''

In *London & Lancashire Insurance Company, Ltd.* v. *Payne,* 180 Ark. 638, 22 S. W. 2d 165, we said: ''It

was also shown that the local agent of the insurance company who issued the policy . . . was duly notified of the destruction of the property by fire . . . and he said no proof of loss would be required. . . .

"It is first contended that the decree should be reversed because the proof of loss was not filed within the time prescribed by the policy. The compliance with this provision of the policy was expressly waived by the local agent of the insurance company who issued the policy and delivered it to the insured. The local agent had authority to issue fire insurance, write and deliver policies, and collect premiums, and to notify the insurance company of loss. Having been clothed with these powers, he had *prima facie* authority to waive presentation of proof of loss."

Appellant also complained that the court erred in giving certain instructions and in not giving others after modification. It could serve no purpose to set out these instructions. It suffices to say that we have carefully examined each and find that the court fairly and correctly stated the applicable law in the circumstances and we find no error.

Finally, appellant argues that there was error in allowing penalty and attorney's fee as provided in the above statute. We do not agree. The record reflects that at the conclusion of the evidence in the case, appellee was permitted to amend his complaint and reduce the amount for which he sued to $2,096.96. The extent of appellant's liability was $3,000. Appellant refused to accept the correctness of appellee's claim after the reduction and continued to deny all liability. The jury returned a verdict in favor of appellee for the reduced amount of the claim, $2,096.96, upon correct instructions by the court limiting recovery to $2,096.96. There was evidence that appellee's damages were greater than the amount allowed him by the jury.

In circumstances similar to the present case, we said in *Progressive Life Insurance Company* v. *Hulbert,* 196 Ark. 352, 118 S. W. 2d 268: "But the sum finally sued for

was $266.67, and it was within the discretion of the court to permit this amendment. Had the insurance company offered to confess judgment for this amount when the complaint was amended it would have been proper to enter a judgment for that amount without penalty or attorney's fee. But this was not done. The defendant then insisted, and now insists that the plaintiff was not entitled to recover anything. It was not error, therefore, to award judgment for the penalty provided by statute, and for the attorney's fee, which does not appear to be excessive.''

The verdict here was not excessive.

Affirmed.