Ralph CHILDS d/b/a Childs Distributing Company, Plaintiff,

v.

The INSURANCE COMPANY OF TEXAS, Defendant and Third-Party Plaintiff,

CENTRAL SURETY AND INSURANCE CORPORATION, Third-Party Defendant.

No. J–895.

United States District Court
E. D. Arkansas, Jonesboro Division.

Feb. 28, 1956.

Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for plaintiff.

A. L. Barber, of Barber, Henry & Thurman by A. L. Barber, Little Rock, Ark., for defendant Insurance Co. of Texas.

G. D. Walker of Frierson, Cherry, Walker & Shellgrove, Jonesboro, Ark., for Central Surety & Ins. Co. Jonesboro, third party defendant.

REEVES, District Judge.

By stipulation of the parties this case has been submitted for decision on briefs, the pleadings, and depositions. Pertinent portions of the stipulation are:

"(2) That plaintiff is entitled to recover the amount prayed in the complaint.

"(3) That the only question for determination is whether plaintiff should be paid by the Insurance Company of Texas, or Central Surety and Insurance Corporation, or by both of them, and if the latter, in what proportion."

The briefs of the parties, together with the pleadings and depositions, have been examined. The original complaint set forth the facts precisely as now claimed by the third-party defendant, that is to say: That the third-party defendant (having previously granted to the plaintiff a policy of liability and property damage insurance on plaintiff's fleet of trucks as a wholesale and retail merchant at Jonesboro, Arkansas) on or about March 1, 1953, advised plaintiff that it desired to cancel its policy held by the plaintiff. This was done by R. A. Thrasher, who acted for the general agent of the third-party defendant. Mr. Thrasher, however, assured plaintiff that other and substitute coverage of like kind would be obtained for him with some other casualty company, to the end that plaintiff would have continuous coverage.

And then appeared this important averment:

"On March 17, 1953 Thrasher cancelled the Central Surety policy and issued and delivered to plaintiff Policy No. CBL 61668 of Continental Fire and Casualty Company, which provided plaintiff with the same coverage he had under the Central Surety policy. Upon information and belief plaintiff says that the effective time of the transfer of the coverage to Continental Fire and Casualty Company was 12:01 A. M., March 17, 1953."

Subsequently the defendant assumed all liabilities of the Continental Fire and Casualty Company.

After the defendant interposed its third-party complaint, the plaintiff amended his complaint so as to propound a claim against the third-party defendant "if the facts alleged in the third party complaint of defendant are established by proof, etc."

Much testimony was taken, mainly relating to the procedure followed by the third-party defendant in giving credit for the unearned premium to plaintiff on the canceled policy. It appeared that beyond dispute, on the 17th of March, 1953, Agent Thrasher for and on behalf of the third-party defendant called on the plaintiff personally and lifted, or took up, the policy theretofore issued by the third-party defendant in favor of the plaintiff. It was a mutually agreeable transaction. Agent Thrasher had obtained a policy of similar purport in favor of the plaintiff from the defendant's or third-party plaintiff's predecessor. Agent Thrasher was conducting a general insurance business and the plaintiff carried an account with him. By this procedure the plaintiff was charged with premiums and then credited with payments and unearned premiums as in this case.

At the time of the cancellation of the policy issued by the third-party defendant, it was understood that in due course computation would be made of the unearned premium, and plaintiff would be given credit on the books of Agent Thrasher. This was done.

About 7:30 P. M. of March 17, 1953, plaintiff suffered an accident or casualty with one of its insured motor vehicles. A claim for damages was made and pressed to judgment. The plaintiff having been compelled to pay said judgment now seeks in this case reimbursement from his insurance carrier or carriers.

The third-party defendant denies liability on the ground that its insurance ceased at 12:01 A. M. on the day of the accident, which occurred at 7:30 P. M. of the same day.

■ 1. In its brief, the third-party defendant challenges the right of the defendant or third-party plaintiff to bring the third party defendant into court as a third-party.

By Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., it is provided:

"(a) * * * a defendant may move * * * for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him for all or part of the plaintiff's claim against him.* * * *"  (Emphasis mine.)

The policy granted by third-party plaintiff's predecessor provided for such claim in case of other insurance. This was a standard provision, and an identical one was incorporated in the policy issued by the third-party defendant.

If, therefore, the policy issued by the third-party defendant was in force through the whole of March 17, 1953, then the third-party defendant would be liable along with the third-party plaintiff for the liability claim asserted and matured against and paid by the plaintiff.

■ 2. That it was understood between plaintiff and third-party defendant that the policy of the said third-party defendant was canceled by mutual agreement on the early morning of

March 17, 1953, cannot be gainsaid. The proof was overwhelming.

■ It is the rule wholly apart from any provisions of the insurance contract that a policy may be canceled by mutual agreement so as to terminate the rights and obligations of the parties. 45 C.J.S., Insurance, § 444, p. 69. And an effective cancellation of an insurance contract by mutual agreement terminates the relationship of insurer and insured. 45 C.J.S., Insurance, § 444, p. 69.

The identical question was presented to the Supreme Court of Arkansas in National Union Indemnity Co. v. Standard Acc. Co., 179 Ark. 1097, 20 S.W.2d 125, loc. cit. 127. The Court said:

"The general rule is that an insurance company may cancel a policy only on compliance with the provisions of the policy relating thereto, and then only by refunding the unearned premium prior to cancellation. Southern Ins. Co. v. Williams, 62 Ark. 382, 35 S.W. 1101. *But it is also the general rule that the parties may agree to a cancellation at any time, with or without an actual refund of unearned premium.* (Emphasis mine.) Payment or tender of the unearned premium may be waived by the insured, by agreement to cancel and voluntary surrender of the policy for cancellation. Cooley's Briefs on Insurance (2d Ed.) vol. 5, pp. 4604, 4615. In 14 R.C.L. p. 1012, it is said: 'The right of the insured to the return of the premium as a condition precedent to a cancellation may be waived, and is waived when the validity of the cancellation is acquiesced in by the insured, as by his voluntary and unconditional surrender of the policy upon receiving the notice of cancellation.' * * * "

This is precisely what was done in this case.

The identical rule was announced by the Court of Civil Appeals of the State of Texas in Automobile Insurance Co. v. Southern Transp. Co., 101 S.W.2d 585, loc. cit. 588, where the court said:

"It is elementary that the provision specifying a given number of days for the cancellation of insurance contracts may be waived by the parties, * * *."

The court then cited the case of Westchester Fire Ins. Co. v. McMinn, Tex. Civ.App., 188 S.W. 25, 26, wherein the court said:

" 'A policy of insurance may be canceled at any time before loss, by agreement between the parties, and there may be cancellation by consent of the parties, independent of the terms of the policy; and in such case an immediate payment of the unearned premium may not be required in order to make valid the agreed cancellation.' "

In the case of Murray Bernard Industries v. East & West Ins. Co., 7 Cir., 185 F.2d 20, loc. cit. 22, the court used meaningful language and quite applicable in this case:

"The weakness of plaintiff's position is in its assumption that the insurance contract could be cancelled only by the prescribed five days' written notice. As in other contracts, it could also have been cancelled by mutual consent (it being common practice to thus cancel fire insurance contracts), or by waiver by the insured of the prescribed written notice. 45 C.J.S. Insurance, § 449, p. 83; Id., § 452, p. 100."

It would follow that, as stipulated by the parties, the plaintiff is entitled to recover against the defendant or third-party plaintiff, but is not entitled to recover against the third party defendant. And, on the third-party complaint, such complaint should be dismissed, or judgment for the third-party defendant for its costs.

Counsel will prepare and submit a proper journal entry.