**BANK OF MULBERRY, Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Joe A. ARNOLD, Third-Party Defendant.**

**No. 80–2002.**

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Nov. 10, 1982.

David E. Smith and Ted Boswell, Bryant, Ark., for plaintiff.

Wm. Jackson Butt II, Davis, Cox & Wright, Fayetteville, Ark., for Fireman's Fund Ins. Co.

Charles Karr, Martin, Vater & Karr, Fort Smith, Ark., for Joe A. Arnold.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, District Judge.

Plaintiff, Bank of Mulberry, brought this diversity suit to collect proceeds under a fidelity bond issued by defendant, Fireman's Fund Insurance Company. The bond insured the Bank against losses resulting from the dishonest or fraudulent acts of its employees. The Bank alleged that during 1978 it suffered losses as a result of the dishonest or fraudulent acts of its former president, Joe A. Arnold, and that it is entitled under the bond to reimbursement for these losses.

The case was tried to a jury, and on September 24, 1982, the jury awarded plaintiff $181,610.78. The question before the Court is whether plaintiff is entitled to a statutory penalty and attorneys' fees pursuant to Ark.Stats.Ann. § 66–3238 (Repl. 1980), which provides in part:

In all cases where loss occurs and the . . . insurance company . . . liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such . . . corporation . . . shall be liable to pay the holder of such policy . . . in addition to the amount of such loss, twelve percent (12%) damages upon the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of such loss. . . .

In its second amended complaint and throughout the trial, the Bank argued it was entitled to $215,728.82. After both parties rested, defendant renewed its motions for directed verdict, and a verdict was directed against the Bank with respect to its claim that it suffered a loss of $34,-118.04, which the Bank contended was the balance remaining of a $100,000.00 promissory note used to cover 113 insufficient-funds checks. After extended arguments of counsel, this Court ruled as a matter of law that the Bank suffered no actual loss on the note, as required by the policy terms, by reason of a 100% participation sale in the note, without recourse, to a third party. The Bank received a jury verdict for all but the amount struck by the directed verdict.

The Bank did not move to amend its complaint prior to a verdict being directed against it nor did the Court hold the complaint amended to conform to the proof. In fact, plaintiff went down fighting on this issue, arguing vigorously that the Court was making a "grievous error" in not seeing things the way that it did. It even objected to the Court instructing the jury in a manner so as to preclude recovery of the disputed $34,118.04.

The Bank contends that, in effect, the Court by the directed verdict "amended down" the Bank's claims prior to submission of the case to the jury thereby entitling it to the penalty and attorneys' fees. For reasons set out below, the Court disagrees.

The Supreme Court of Arkansas construes Ark.Stat.Ann. § 66–3238 as mandating recovery in the exact amount sued

for as a prerequisite to allowance of attorneys' fees and penalties. *Countryside Casualty Co. v. Grant,* 269 Ark. 526, 601 S.W.2d 875 (1980); *Southwestern Ins. Co. v. Camp,* 253 Ark. 886, 489 S.W.2d 498 (1973). It is within the trial court's discretion to permit amendment of the complaint by plaintiff during trial or amendment of the complaint to conform to the proof, and, if the sum finally sued for is awarded, attorneys' fees and penalties are proper. *Progressive Life Ins. Co. v. Hulbert,* 196 Ark. 352, 118 S.W.2d 268 (1938); *Kansas City Fire & Marine Ins. Co. v. Kellum,* 221 Ark. 487, 254 S.W.2d 50 (1953); *Reserve Life Ins. Co. v. Baker,* 245 Ark. 853, 435 S.W.2d 780 (1968).

In this case, the Bank did not sue for the amount ultimately recovered, nor was the complaint permitted to be amended. If the Court's directed verdict is tantamount to an "implied" amendment of the complaint, entitling the Bank to attorneys' fees and penalties, then suffering a directed verdict on part of one's claim is more advantageous to a plaintiff than fashioning a fact question of the total claim, a part of which is found not recoverable by the jury. The Court does not believe the law of Arkansas supports this anomaly.

Accordingly, a separate judgment will be entered for plaintiff Bank in the amount of the jury verdict; however, attorneys' fees and statutory penalty will be excluded from the judgment.