Holland v. Coca-Cola Bottling Company of Arkansas.

4-8579                                    212 S. W. 2d 357

Opinion delivered June 21, 1948.

L. A. Hardin, for appellant.

Sherrill, Cockrill & Wills, for appellee.

Robins, J.   In appellant's suit against appellee for personal injury, alleged to have been sustained by him by reason of the explosion of a bottle of Coca-Cola, the lower court, at the conclusion of all the testimony, instructed the jury to return a verdict in favor of appellee. Appellant asks us to reverse the judgment entered on the directed verdict.

Appellant was superintendent of the Hall Building in Little Rock. Appellee owned and maintained in this building an automatic vending machine to dispense its

bottled drinks. This machine contained a storage compartment where the bottles were cooled and it was appellant's custom every morning to take the bottles from this compartment and place them in the dispensing compartment, from which they were automatically delivered to purchasers who dropped a five cent coin in the slot.

Early in the morning of August 2, 1946, appellant was engaged in taking the bottles containing Coca-Cola out of the storage chamber and placing them in the dispensing compartment, when, according to appellant's testimony, a bottle exploded in his right hand, inflicting a serious injury to appellant's hand. It seems not to be disputed that appellant sustained a substantial and probably permanent injury.

In his amended complaint appellant alleged that the machine for some time had been out of order in that it was overcooling the drinks and that appellee, though notified of this defective condition, had failed to remedy same. He further alleged that a frozen or partially frozen bottle of Coca-Cola is liable, on account of the gas pressure therein, to explode; and that appellee's negligence in permitting the overfreezing of the Coca-Cola bottle was the cause of the explosion and appellant's consequent injury.

Appellee's answer was a denial of the allegations of the complaint and a plea of contributory negligence.

Horace Blount testified that he was superintendent in charge of all properties of the Boyle Realty Company, including the Hall Building; that prior to appellant's injury witness had complained to appellee about the cooling machine and had told appellee that the machine was freezing the Coca-Colas and bursting the bottles; that the machine belonged to appellee who had charge of keeping it in repair.

Forest D. Parker testified that he was present when appellant suffered the injury to his hand; that he had occasionally filled the machine and that just prior to appellant's injury the machine was overfreezing; that they would have a bursted bottle or so every morning;

that appellee set the machine up and tested it; that he reported the overfreezing to appellee.

H. L. Bogan, a professional chemist and chemical engineer, testified that freezing of the liquid in a Coca-Cola increased the gas pressure in the bottle, this on account of the gas which the fluid is charged with is, by the freezing process, expelled from the liquid. "A coke frozen solid would have the opportunity to expel all of its gas. . . That volume of gas would have to be forced into approximately one ounce space—space occupied by one fluid ounce. That would tremendously increase the pressure if all the carbon dioxide came out— by just calculation and knowledge it would be approximately 12 times." Between freezing and freezing to a solid "there would be a proportional difference."

Appellant testified that for about a week prior to his injury the cooling machine had been freezing the bottles; that this trouble had been reported to appellee, but without results; that the machine belonged to appellee and none of the men at the Hall Building were allowed to tamper with the mechanism; that on the occasion of his injury he was taking out bottles, and had pulled one loose from the ice when it exploded in his hand; that the bottle cut him in the palm of the hand; that he bled profusely and was taken to the hospital; that after about two months he underwent an operation to correct the severed tendons and nerves; but there had been no improvement; that this particular Coca-Cola was frozen and when it burst it made a gushing sound.

Baxter F. Cheatham, in the service department of appellee, testified that he may or may not have had a call about the machine at the Hall Building prior to appellant's injury; that at that time they kept no record of such calls.

Bob Titus testified that he was production manager at appellee's plant at Little Rock; that the equipment is modern and up-to-date in every respect and the temperature and pressure of drinks is checked regularly; that the bottles are made according to specifications and will

stand up to 1,200 pounds per square inch, whereas the average pressure is from 400 to 570 pounds; that it is his experience that the crown will start leaking at 100 pounds pressure. He detailed the method of manufacture and stated that gas is fed into the mixture while it is being prepared.

In appraising the testimony, for the purpose of determining the propriety of the lower court's action in giving a peremptory instruction for appellee, we must accord to the testimony the greatest probative force it will reasonably bear in favor of appellant. *Barrentine* v. *The Henry Wrape Co.*, 120 Ark. 206, 179 S. W. 328. We conclude that, when the evidence is thus viewed, there was testimony from which a jury might have found that the injury of appellant was caused by the negligence of appellee in failing to maintain its vending machine in a reasonably safe condition, and in permitting the Coca-Cola bottles to freeze to the point that an excessive gas pressure was caused. Witnesses testified as to the abnormal performance of the machine and that the excessively low temperature had been causing bottles to burst; that appellee, though apprised of the defective condition of the machine, failed to make the necessary repairs or adjustments; and that excessively low temperatures of the bottles greatly increased the gas pressure therein. The jury might have found that the excessive gas pressure thus created brought about the cracking or explosion of the bottle in appellant's hand. To say the least of it, the proof in this case was such that fair-minded men might honestly differ as to the conclusion to be drawn from the facts shown; and our rule is that, in such a case, the question should be submitted to the jury. *St. Louis, Iron Mountain & Southern Railway Company* v. *Fuqua*, 114 Ark. 112, 169 S. W. 786.

Since the evidence presented a fact question as to whether negligence of appellee was the proximate cause of appellant's injury, the lower court erred in not submitting the matter to the jury.

The judgment of the lower court is reversed and the cause remanded with direction to grant appellant a new trial.